UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:21-CR-41 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| JOE JUNIOR HUMPHREY ) | |

## **M E M O R A N D U M**

Before the Court is Defendant's motion to dismiss the indictment against him (Doc. 2) for violation of the Speedy Trial Act and the Sixth Amendment. (Doc. 110.) The United States of America (the "Government") has responded. (Doc. 113.) For the reasons below, the Court will **GRANT** Defendant's motion (Doc. 110) and dismiss the indictment as to Defendant (Doc. 2) **WITHOUT PREJUDICE**.

I. **BACKGROUND**

On April 27, 2021, Defendant was indicted on one count of possessing a firearm while knowing he had previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). (Doc. 2 at 1.) The indictment also charged co-defendant Jatoni Crayton ("Crayton") with possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). (*Id.*) Defendant and Crayton appeared before the Court for arraignment on May 7, 2021. (Docs. 9, 16.) Defendant's detention hearing was scheduled for May 12, 2021, and on that day, Defendant waived his right to a detention hearing and was ordered to be detained. (Docs. 13, 18, 19.) The next day, Crayton filed a motion for a detention hearing, and on June 1, 2021, the magistrate judge ordered Crayton be detained. (Docs. 20, 24, 32.)

On June 7, 2021, the Government filed an unopposed motion to correct a typographical error as to the spelling of Defendant's name in the indictment, which was granted four days later.

(Docs. 26, 31.) Defendant filed a motion to continue the deadlines and trial dates on June 8, 2021. (Doc. 27.) Crayton filed motions to continue the deadlines and trial dates on August 10, 2021 (Doc. 33), September 15, 2021 (Doc. 35), October 13, 2021 (Doc. 39), December 1, 2021 (Doc. 41), and December 22, 2021 (Doc. 43). The Court granted each of the motions to continue in six or fewer days after filing. (*See* Docs. 30, 34, 36, 40, 42, 44.) On December 28, 2021, the trial date was set for February 14, 2022. (Doc. 44.)

Crayton filed a motion to suppress on January 26, 2022, and the Government responded on February 9, 2022. (Docs. 45, 49.) The magistrate judge recommended the motion to suppress be denied on July 22, 2022, and the Court adopted the recommendation over Defendant's objection on September 21, 2022. (Docs. 56, 57, 60.) Defendant filed a motion to suppress on November 3, 2022, and the Government responded after one extension of time. (Docs. 64, 66–68.) The hearing on Defendant's motion was continued four times upon motion of the parties—twice each by Defendant and the Government. (Docs. 69, 72, 75, 77.) The magistrate judge heard arguments on the suppression motion on March 21, 2023, and on May 26, 2023, recommended denial of Defendant's motion. (Docs. 79, 81.) The Court adopted the recommendation on June 14, 2023, and scheduled trial for August 14, 2023. (Docs. 82, 84.) Also on June 14, 2023, Defendant's counsel filed a motion to withdraw. (Doc. 83.) Two weeks later the magistrate judge granted the motion and appointed new counsel. (Docs. 86, 88.)

On July 21, 2023, Defendant filed a motion to continue trial deadlines. (Doc. 89.) The Court granted the motion to continue on July 26, 2023, and scheduled trial for November 6, 2023. (Doc. 90.) On September 11, 2023, Crayton filed a motion to dismiss for speedy trial violations, which the Court ultimately granted in part on December 7, 2023, dismissing the indictment against Crayton without prejudice. (Docs. 91, 109.)

On September 12, 2023, Defendant filed a notice of intent to change his plea, and eight days later moved to strike the notice. (Docs. 93–94.) On September 22, 2023, Defendant filed a motion to compel the production of certain evidence in support of a search warrant in the case, and the Government responded on October 13, 2023, after one extension of time. (Docs. 95–96, 98–99, 100.) Defendant filed a motion to continue trial deadlines on October 17, 2023, which the Court granted on December 7, 2023, ordering the trial date to be reset upon resolution of Defendant's motion to compel. (Docs. 101, 107.) The magistrate judge held a hearing on Defendant's motion to compel on October 31, 2023, and denied the motion on January 30, 2024. (Docs. 104, 112.)

Defendant filed the current motion to dismiss on speedy trial grounds on January 17, 2024 (Doc. 110), and the Government responded on February 7, 2024. (Doc. 113). This matter is now ripe for review.

## II. DISCUSSION

Defendant argues that the indictment against him should be dismissed with prejudice for violating the Speedy Trial Act and for violating his Sixth Amendment right to a speedy trial. (Doc. 111 at 2–7.) The Government concedes that a Speedy Trial Act violation has likely occurred and does not oppose dismissal but argues that the dismissal should be without prejudice. (Doc. 113 at 1.) Additionally, the Government argues that no Sixth Amendment speedy-trial violation has occurred. (*Id*. at 13–15.)

### A. Speedy Trial Act

The Speedy Trial Act provides as follows:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or

3

indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). If a Defendant is not brought to trial within seventy days, the indictment "shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2).

The periods of delay enumerated in 18 U.S.C. § 3161(h) "shall be excluded in . . . computing the time within which the trial of any such offense must commence." Enumerated delays excluded from the seventy-day rule include: "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;" and "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(D), (H). "[A]n exclusion as to one defendant applies to all codefendants." *United States v. Holyfield*, 802 F.2d 846, 848 (6th Cir. 1986).

In determining whether to dismiss the indictment against Defendant with or without prejudice, the Court must consider "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. 3162(a)(2). "[N]either dismissal with prejudice or dismissal without prejudice was intended to be the presumptive remedy" for a violation of the Speedy Trial Act." *United States v. Taylor*, 487 U.S. 326, 327 (1988).

Here, Defendant argues that because an exclusion of time for one defendant applies to all defendants, Defendant's speedy trial analysis is the same as Crayton's—where the Court found a violation of the Speedy Trial Act. (Doc. 111 at 1–2.) The Government argues that "266 days of non-excludable delay have elapsed." (Doc. 113 at 10.) As such, the Government agrees, "a violation of the Speedy Trial Act has likely occurred." (*Id.*) (emphasis removed).

4

Given these facts, the Court finds that a violation of Defendant's rights under the Speedy Trial Act has occurred. The next question is whether the indictment should be dismissed with or without prejudice.

1. **Seriousness of the Offense**

The first factor for the Court to consider is "the seriousness of the offense." 18 U.S.C. § 3162(a)(2). This factor is not a "mechanical test based upon the [Sentencing] Guidelines," but instead "demands that the gravity of the crime be carefully considered as a factor in deciding whether to dismiss without prejudice." *United States v. Pierce*, 17 F.3d 146, 149 (6th Cir. 1994).

Defendant asserts that while weapons offenses are categorized as serious offenses, Defendant did not have the weapon on his person, is not alleged to have been under the influence of an intoxicant or drug and is not an armed career criminal. (Doc. 111 at 3–4.) Defendant, therefore, submits that the charged offense is relatively non-serious. (*Id*. at 3.)

The Government responds, "[t]his is a serious offense. The defendant unlawfully possessed a firearm as a convicted felon." (Doc. 113 at 11–12.)

The Court agrees with the Government's view that this is a serious offense. The Court of Appeals for the Sixth Circuit has held that possession of a firearm by a felon is a serious offense. *United States v. Carnes*, 309 F.3d 950, 957 (6th Cir. 2002). Additionally, the Court notes that possession of a firearm by a felon poses a serious risk to the community. While there is no indication of injury resulting from Defendant's alleged actions in this case, the risk of harm weighs toward the seriousness of the offense charged.

The Court finds Defendant's alleged offense is serious, which weighs toward dismissal without prejudice.

5

### 2. Facts and Circumstances of the Case

The second factor for the Court to consider is "the facts and circumstances of the case which led to the dismissal." 18 U.S.C. § 3162(a)(2). Because "the prosecutor and the court have an affirmative constitutional obligation to try the defendant in a timely manner," "the burden is on the prosecution to explain the cause of the pre-trial delay." *United States v. Graham*, 128 F.3d 372, 374 (6th Cir. 1997) (quotations and citations omitted).

Defendant asserts some delay is attributable to multiple continuances of Defendant's motion to compel hearing due to "issues regarding the health of a government witness." (Doc. 111 at 4.) He argues the continuances "did not in any way inure to the benefit of [Defendant]." (*Id.*)

The Government argues, "[t]he United States has done nothing to delay this case," and points to delay resulting from multiple motions to continue by Defendant and Crayton, and litigation of two motions to suppress and Defendant's motion to compel. (Doc. 113 at 12.)

The Court agrees with the Government that the vast majority of pre-trial delay is not attributable to the Government. (*See* Doc. 113 at 12.) Although the Government filed two motions for extension of time to respond to Defendant's motions to suppress and compel (Docs. 66, 98), and two motions to continue Defendant's suppression hearing (Docs. 69, 77), all remaining continuances were requested by Defendant or Crayton. The facts and circumstances of this case weigh toward dismissal without prejudice.

### 3. Impact of Reprosecution

The final factor for the Court to consider is the "impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2). "The main considerations that courts have taken into account when examining this factor are whether the defendant suffered actual prejudice as a result of the delay . . . and whether the government

6

engaged in 'prosecutorial misconduct that must be deterred to ensure compliance with the Act.'" *United States v. Howard*, 218 F.3d 556, 562 (6th Cir. 2000) (quoting *Pierce*, 17 F.3d at 149). "The longer the delay, the greater the presumptive or actual prejudice to the defendant, in terms of his ability to prepare for trial or the restrictions on his liberty." *Taylor*, 487 U.S. at 340; *United States v. Moss*, 217 F.3d 426, 432 (6th Cir. 2000) (explaining the district court should have considered the defendant's "incarceration and its impact on his life circumstances").

Defendant asserts he has more than thirty-two months of credit for time served since he was detained on May 12, 2021. (Doc. 111 at 5.) He argues dismissal without prejudice will likely result in incarceration in excess of his estimated sentencing guidelines exposure of 30–57 months. (*Id.*)

The Government responds, "[r]e-prosecution of [Defendant] would be in the interest of justice." (Doc. 113 at 12.) The Government argues Defendant "cannot point to any particularized prejudice to his defense resulting from the delay," and the Government "is not at fault for the delays in this case." (*Id.*)

This factor weighs in favor of the Government. The Court agrees with the Government that Defendant has not identified any "particularized prejudice to his defense" that resulted from the delay in his trial. *See Howard*, 218 F.3d at 562. Additionally, there is no evidence of "bad faith or a pattern of negligence on the part of the government that would warrant dismissal with prejudice for the sake of deterrence." (*Id.*) The Court notes, however, that "[i]nordinate delay between public charge and trial, … wholly aside from possible prejudice to a defense on the merits, may seriously interfere with the defendant's liberty, whether he is free on bail or not, and … may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.'" *United States v. Robinson*, 389

F.3d 582, 589 (6th Cir. 2004) (citations omitted). Defendant generally alleges that his liberty was impacted by the delay but does not specifically state how it has affected his life circumstances. *See id*. The Court finds that this factor weighs toward dismissal without prejudice, but not heavily.

Applying the Speedy Trial Act factors, the Court finds that each factor weighs in favor of the Government. First, Defendant's alleged possession of a firearm after a felony conviction is a serious offense. Second, under the facts and circumstances of this case, the Government is not responsible for the pre-trial delay. Finally, there is no evidence of prosecutorial misconduct or actual prejudice to Defendant resulting from the delay in his trial. Therefore, the Court will **DISMISS** the indictment as to Defendant (Doc. 2) **WITHOUT PREJUDICE** for violating the Speedy Trial Act.

### B. Sixth Amendment

Defendant argues his Sixth Amendment right to a speedy trial has been violated. (Doc. 111 at 6–7.)

To determine whether a violation of the Sixth Amendment right to a speedy trial has occurred, the Supreme Court has instructed courts to consider the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). However, no one factor is dispositive and the court "must still engage in a difficult and sensitive balancing process." *Id.* at 533.

#### 1. The Length of the Delay

The first factor for the Court to consider is the length of the delay. *Id.* at 530. "[T]he right usually attaches when the defendant is arrested or indicted, whichever is earlier." *Brown v. Romanowski*, 845 F.3d 703, 712–13 (6th Cir. 2017) (citation omitted). The Supreme Court has stated that this factor is "to some extent a triggering mechanism." *Id.* "Until there is some delay

8

which is presumptively prejudicial, there is no necessity for inquiry into the other facts that go into the balance. Nevertheless . . . the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case." *Id.* at 530–31. The Court of Appeals has held that "a delay of one year is presumptively prejudicial and triggers application of the remaining three factors." *United States v. Bass*, 460 F.3d 830, 836 (6th Cir. 2006).

Here, the Government acknowledges Defendant "appeared for an initial appearance and arraignment on May 7, 2021 [and] filed this motion to dismiss on January 17, 2024. Clearly, more than one year has passed, and the Court should consider the remaining factors." (Doc. 113 at 13.)

Because the parties agree that the delay has spanned at least one year, the Court will examine the remaining factors. (*See id.*; *see also* Doc. 111 at 6.)

### 2. The Reason for the Delay

The purpose of inquiring into the reason for the delay is to determine "whether the government or the criminal defendant is more to blame for [the] delay." *See Maples v. Stegall*, 427 F.3d 1020, 1026 (6th Cir. 2005) (quotation and citation omitted). The Court of Appeals has offered guidance on the relative weight of various delays, stating that "government delays motivated by bad faith, harassment, or attempts to seek a tactical advantage weigh heavily against the government, while more neutral reasons such as negligence or overcrowded dockets weigh against the state less heavily." *Id.* (citation omitted).

The only reasons Defendant cites for the Government's alleged delay in prosecuting this case are the multiple continuances of Defendant's motion-to-compel hearing because of an ill government witness. (Doc. 111 at 6.) Defendant "acknowledge[s] that his request for a speedy trial followed multiple continuances on the behalf of him and [Crayton] and he did not ask for severance." (*Id.*)

The Government states, "[a]nalysis of the delay under the Speedy Trial Act demonstrates the true measure of the delay in this case," the vast majority of which is attributable to "motions to continue and pre-trial litigation of motions filed by [Defendant] and [Crayton]." (Doc. 113 at 14.)

The Court finds the Government is not more to blame than Defendant. The delay has not been caused by "government delays motivated by bad faith, harassment, or attempts to seek a tactical advantage." *Maples*, 427 F.3d at 1026 (citation omitted). Accordingly, the second *Barker* factor weighs against finding a Sixth Amendment violation.

### 3. The Defendant's Assertion of his Speedy Trial Right

The third factor for the Court to consider is whether Defendant asserted his right to a speedy trial.

A defendant does not waive his right to a speedy trial by failing to make a demand. *Barker*, 407 U.S. at 528. "This does not mean, however, that the defendant has no responsibility to assert his right." *Id*. Rather, "the defendant's assertion of or failure to assert his right to a speedy trial is one of the factors to be considered in an inquiry into the deprivation of the right." *Id*. An assertion of the speedy trial right "is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the [speedy trial] right." *Id*. at 531–32.

The Government concedes that Defendant asserted his right to a speedy trial. (*See* Doc. 113 at 14.) However, the Government argues that Defendant asserted this right "following the granting of his multiple motions to continue, litigation of his motion to suppress and motion to compel, and without the filing of a motion to sever." (*Id.*)

The Court agrees with the Government on this factor. Although the Government filed four motions to continue deadlines (Docs. 66, 69, 77, 98), all remaining continuances were requested

10

by Defendant or Crayton. Accordingly, Defendant's assertion of his right to a speedy trial is not to be given great weight.

Given the procedural posture of the case, the Court finds that the third *Barker* factor weighs in favor of Defendant, but not heavily.

### 4. Prejudice to the Defendant

The final factor the Court must consider is prejudice to Defendant. "Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect." *Barker*, 407 U.S. at 532. The Supreme Court has identified three interests, including "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Id.* "The most important factor under prejudice is possible impairment of the defense." *Howard*, 218 F.3d at 564 (quotation and citation omitted).

> The presumption of prejudice . . . is not automatically applicable whenever a defendant's trial is delayed. Pretrial delay is often both inevitable and wholly justifiable. When the government prosecutes a case with reasonable diligence, a defendant who cannot demonstrate how his defense was prejudiced with specificity will not make out a speedy trial claim no matter how great the ensuing delay.

*Howard*, 218 F.3d at 564 (citations omitted).

Here, Defendant asserts that "the time frames involved in this case will unquestionably cause [Defendant] to serve longer than what will likely be the recommended guidelines" if the Court dismisses the indictment without prejudice. (Doc. 111 at 7.) But Defendant has not cited any specific evidence of prejudice to his defense. *See United States v. Felix*, 850 F. App'x 374, 383 (6th Cir. 2021) (finding a defendant had not demonstrated a presumption of prejudice or oppressive pretrial incarceration where the only prejudice alleged was pretrial incarceration). Additionally, Defendant has not shown any lack of reasonable diligence by the Government. Even

11

considering the Government's four requests to continue deadlines, Defendant still has not shown that these requests amount to a lack of reasonable diligence and not "inevitable and wholly justifiable" pretrial delays. *See Howard*, 218 F.3d at 564 (citation omitted). Accordingly, the Court does not find that the delay to his trial raises a presumption of prejudice. *See id.* at 564–65; *Felix*, 850 F. App'x at 383.

Although Defendant asserted his speedy trial right on January 17, 2024, the length of delay, reason for delay, and lack of prejudice to Defendant weigh toward the Government. In the absence of evidence of prejudice to the Defendant or bad faith by the Government, the Court does not find that a Sixth Amendment speedy-trial-right violation has occurred.

### III. CONCLUSION

For the reasons discussed above, the Court finds that a violation of the Speedy Trial Act has occurred. However, Defendant's Sixth Amendment right to a speedy trial has not been violated.

Accordingly, the indictment against Defendant (Doc. 2) will be **DISMISSED WITHOUT PREJUDICE** for violating the Speedy Trial Act.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**